IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANDREAS J. SMITH                     *

    Plaintiff,                       *

       v.                            *          2:08-CV-642-WHA
                                                                  (WO)

JOHN C. HAMILTON (AKA J.C.),         *
*et al.*,
    Defendants.                      *

_____

**ORDER**

This case is presently pending before the court on a complaint filed by Andreas Smith, an inmate currently incarcerated at the Montgomery City Jail. His complaint names three defendants - a United States Marshal, an Assistant United States Attorney, and a detective. Plaintiff contends that he was falsely arrested on July 20, 2007 without a warrant and subjected to excessive force during the arrest which caused him severe head injuries. He further contends that he was subsequently acquitted of the charges lodged against him (attempted murder).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ___, 127 S.Ct.

1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

Here, Plaintiff has made only general allegations in his complaint against Defendants Hamilton and Naquin. His complaint against these defendants merely contains general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against these defendants with respect to the alleged violation of his constitutional rights for false arrest and excessive force.

The court finds that the complaint does not provide any facts which supply any basis for a false arrest claim. Plaintiff's mere allegation that he was acquitted of the charge for which he was arrested is not sufficient, even under the liberal reading of Rule 8, to show he was arrested without probable cause. The Fourth Amendment provides that one has the right to be free from unreasonable searches and seizures. An arrest is a seizure, *see California v. Hodari D.,* 499 U.S. 621, 624 (1991), "and the 'reasonableness' of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest." *Skop v. City of Atlanta,* 485 F.3d 1130, 1137 (11th Cir. 2007). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint against Defendants Hamilton and Naquin to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **August 26, 2008** Plaintiff shall amend his complaint to provide the following additional factual information:

1. Identify specific claims relative to ***actions taken against him*** by Defendants Hamilton and Naquin and list these claims in separate counts;

2. Describe with clarity those factual allegations that are material to each specific count against Defendant Hamilton and Naquin; and

3. Describe how Defendants Hamilton and Naquin violated ***his*** constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put Defendants Naquin and Hamilton on notice of how their conduct allegedly violated Plaintiffs' constitutional rights with respect to his false arrest and excessive force claims and should contain only claims relative to actions taken against him by Defendants Hamilton and Naquin in this regard. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

Done, this 11th day of August 2008.

                     /s/ Terry F. Moorer
                     TERRY F. MOORER
                     UNITED STATES MAGISTRATE JUDGE