IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ANDREAS J. SMITH                            *

    Plaintiff,                              *

    v.                                      *     2:08-CV-642-WHA
                                                  (WO)
JOHN C. HAMILTON (AKA J.C.),                *
*et al.*,
    Defendants.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983/*Bivens*[1] action complaining, in part, about violations of his constitutional rights during criminal court proceedings held before the United States District for the Middle District of Alabama. Plaintiff seeks monetary relief as well as injunctive and declaratory relief. Named as one of the defendant to this cause of action is Jerusha Adams, Assistant United States Attorney for the Middle District of Alabama. Upon review of Plaintiff's complaint against Defendant Adams, the court concludes that dismissal of this defendant prior to service of process is

---

[1] *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive plaintiff of a constitutional right.  *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff challenges Defendant Adams' conduct in initiating and prosecuting criminal charges against him in the United States District Court for the Middle District of Alabama. Specifically, Plaintiff alleges that false evidence was presented to a grand jury to secure his indictment. He further alleges that evidence was unsuccessfully presented at trial to justify a false charge against him for which he was found not guilty.[3]

"A prosecutor is entitled to absolute immunity for all actions [s]he takes while performing h[er] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This immunity is also available to a federal prosecutor in a *Bivens* action. *Bolin v Story,* 225 F.3d 1234, 1242 (11th Cir. 2000); *Allen v. Thompson,* 815 F.2d 1433, 1434 (11th Cir. 1987). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*,

---

A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The court takes judicial notice of its own records in Plaintiff's criminal action, *United States v. Andreas Jejuan Smith*, Cr. No. 2:07-CR-165-MHT, *see Rayonier, Inc., v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981), which show that of the four counts lodged against Plaintiff by the grand jury, *i.e.*, assault upon a federal officer by means of a deadly or dangerous weapon, use and possession of a firearm to assault the officer, robbery, and possession of a firearm by a convicted felon, Plaintiff was found guilty of robbery and possession of a firearm by a convicted felon and not guilty of the remaining counts.

500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Adams arise from this defendant's role "as an 'advocate' for the [government]" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Adams is, therefore, "entitled to absolute immunity for that conduct." *Id*.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Bolin*, 225 F.3d at 1242 (*citing Newman v. Alabama*, 683

F.2d 1312 (11th Cir. 1982)). Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his complaint. Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case in this court as well as the Supreme Court. Plaintiff may also seek an extraordinary writ in this court or the Supreme Court. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief in this case against Defendant Adams.

In addition to damages, the court understands Plaintiff to request his release from detention and/or dismissal of all charges. These requests are in the nature of habeas relief. However, habeas relief is not available in a *Bivens* action. *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (a claim that challenges a conviction or sentence and seeks an immediate or speedier release is not cognizable in a *Bivens* action); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exclusive remedy for an inmate contesting the fact or duration of confinement and seeking his immediate or speedier release is habeas corpus. *Id.* Therefore, these requests for relief are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendant Adams be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Defendant Adams be DISMISSED as a party to the complaint;

3. Plaintiff's request to be released from detention and/or have all charges dismissed against him be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 2, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of August 2008.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE