IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANDREAS J. SMITH                        *

     Plaintiff,                          *

        v.                               *          2:08-CV-642-WHA
                                                        (WO)
JOHN C. HAMILTON (AKA J.C.),             *
*et al*.,
     Defendants.                         *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a prison inmate, filed this complaint on August 7, 2008.  On August 18, 2008 the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief.  In compliance with  the court's order, Defendants submitted answers and written reports (*Doc. Nos. 22, 26)* which contained relevant evidentiary materials refuting the allegations presented in the instant complaint.   The court then issued an order directing Plaintiff to file a response to Defendants' answers and written reports.  (*Doc.  No. 27*.) Plaintiff was advised that his failure to respond to Defendants' answers and written reports would be treated by the court **"as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. (emphasis in original).   Additionally, Plaintiff was **"specifically cautioned that [his failure] to file a response in compliance with the directives of this order"** would result in the dismissal of this case.  (*Id*.)

The time allotted Plaintiff for the filing of a response expired on January 26,  2009.

As of the present date, Plaintiff has filed nothing in opposition to Defendants' answers and written reports as required by order filed January 5, 2009. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate. After such review, it is clear that dismissal of this case is the proper sanction. Plaintiff is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation on or before **February 26, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of February 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE